UNITED STATES v. FAWCETT.

(Circuit Court, S. D. New York. April 26, 1897.)

1. CUSTOMS ADMINISTRATIVE ACT—DECLARATION BY CONSIGNEE.
    Section 1 of the customs administrative act (1 Supp. Rev. St. p. 748), providing that all imported merchandise shall be deemed the property of the consignee, was intended to prevent frauds upon the government arising from collusive transfers, and confers no right upon a mere consignee to make a declaration as "owner" under section 5, but he must make the declaration as consignee, and in the declaration must state truly the name of the owner.

2. SAME—FALSE DECLARATION—INDICTMENT.
    In an indictment under section 6 of the customs administrative act, relating to knowingly making any false statement in a declaration for entry, an averment that the defendant "willfully declared that he was the owner of the goods, whereas in fact he was not the owner, as he then and there well knew," is sufficient upon demurrer.

3. SAME—INTENT TO DEFRAUD.
    An intent to defraud the United States is not an essential ingredient of the offense constituted by section 6 of the customs administrative act.

4. SAME—FILING DECLARATION.
    No offense is complete under section 6 until the false declaration there referred to is filed or offered to be filed with the collector when making or attempting to make entry of the goods.

5. SAME—FALSE DECLARATION—FRAUDS IN GENERAL.
    Section 6, specifically providing the punishment for false statements in declarations for entries, and providing a heavier punishment than is imposed by section 9 for frauds in general, must be held to apply exclusively to such false statements, and an indictment for that particular offense cannot proceed under section 9.

Wallace Macfarlane, U. S. Atty., and Max J. Kohler, Asst. U. S. Atty.
W. Wickham Smith and Abram J. Rose, for defendant.

BROWN, District Judge. On the 12th of January, 1897, the defendant was indicted in the circuit court of this district upon the

charge that on the 22d day of March, 1895, at this port, for the purpose of securing the entry of merchandise imported into the United States he knowingly and willfully made the false statement, in the declaration for entry, that "he was the owner of the goods, whereas in fact he was not the owner, as he well knew." The first three counts of the indictment present this charge in different forms under the sixth section of the customs administrative act of June 10, 1890 (1 Supp. Rev. St. p. 748), which declares that "any person who shall knowingly make any false statement in the declarations provided for in the preceding section * * * shall on conviction thereof be punished by a fine not exceeding $5,000, or be imprisoned at hard labor not more than two years, or both, in the discretion of the court."

The fourth count is drawn under section 9 of the same act, which provides the same punishment (except that the imprisonment is not to be at hard labor) in case "any person shall make or attempt to make any entry of imported merchandise by means of any fraudulent or false invoice, affidavit, letter, paper, or by means of any false statement written or verbal, or by means of any false or fraudulent practice or appliance whatsoever."

Upon demurrer to the indictment, it is contended by the defendant's counsel that none of the counts sufficiently apprize the accused of the nature and character of the crime with which he is charged; that the first three counts are also insufficient, inasmuch as they do not allege any intent to defraud the United States.

For the purposes of the argument of the demurrer, but not otherwise, it was admitted that the defendant was the consignee of the merchandise imported; and on this view it is also contended by the defendant, that the first three counts do not set forth any crime, for the reason that the first section of the customs administrative act declares, "that all merchandise imported into the United States shall for the purpose of this act, be deemed and held to be the property of the person to whom the merchandise may be consigned"; and that therefore the defendant, as consignee, might lawfully make the owner's declaration under section 5 of the customs administrative act, although he was not the actual owner of the goods.

The provisions of section 5 of the act above named are, however, plainly incompatible with that construction. The distinction is there very clearly drawn between the form of declaration required to be made by a consignee, importer, or agent, when not the owner, and the declaration required when made by the actual owner of the goods. These very specific and clear provisions in section 5 override the general provision of section 1, so far as pertains to the declarations required to be made for the purposes of entry. The history of the phrase used in section 1, ever since the act of March 2, 1799 (1 Stat. 675), where it first occurs, and the adjudications upon it, show that the object of that provision was to prevent frauds upon the government arising from collusive transfers; and that it had no reference to the specific forms of declaration which by subsequent statutes (March 1, 1823; 3 Stat. 730) were required to be used according to the nature of the importation in each case. See Harris v. Dennie, 3 Pet. 302; Howland v. Harris, 4 Mason, 497, 500, Fed. Cas. No. 6,794;

De Wolf v. Harris, 4 Mason, 539, 540, Fed. Cas. No. 4,221; Harris v. De Wolf, 4 Pet. 147. Later statutes have simply repeated the original phraseology. Rev. St. § 3058. I have no doubt, therefore, that a mere consignee of goods, having no property interest in them, has no right to make a declaration as owner under section 5 of the customs administrative act, but must make the declaration as consignee, and in that declaration must state truly the name of the owner.

2. Disregarding the provision of section 1, therefore, as having no bearing upon the form of declaration required by section 5, there is no such ambiguity or uncertainty in the charge of the first three counts of the indictment as to require any further specification in order to give the defendant a sufficiently clear understanding of the nature and character of the offense charged. It is sufficient that the indictment avers that the defendant "willfully declared that he was the owner of the goods,—whereas in fact he was not the owner, as he then and there well knew." This declaration, and the import of it, are as direct and simple as in any ordinary averments of fact in indictments for perjury. See U. S. v. Wood, 14 Pet. 430. There may be peculiar circumstances in which the question whether a person was owner or was not the owner, might depend upon the determination of a question of law; but such a possibility surely does not affect the sufficiency of the ordinary forms of pleading. In any event, it would be necessary in order to convict, that the defendant should be found to have made the false claim of ownership knowingly. The indictment so charges; and of this fact the jury must be satisfied beyond reasonable doubt, or the defendant would be entitled to acquittal.

3. I do not think an intent to defraud the United States is any essential ingredient of the offense constituted by section 6. The object of that section is to secure truthful declarations on the entries of merchandise, according to the actual fact; and to secure this, section 6 provides that any person who shall knowingly make any false statements in such declarations in any material matter shall be punished. The intent or object of the accused in making such a false statement, is not, I think, material. The government is not required to prove the particular intent; nor can the defendant's motive or object be a justification. The first three counts should, therefore, be sustained.

4. The fourth count contains some additional averments; among others, that the defendant "did make entry of the said merchandise by means of a false and fraudulent declaration," etc. The declaration set forth in this count is, however, the same declaration as owner that is set up in the three preceding counts; and there is nowhere in the fourth count any specification of any falsity or false practice, or false paper, or false statement, other than in this same declaration, and the statement that the defendant was not the owner of the goods, precisely as in the preceding three counts. This is plainly covered by section 6. That section specifically provides the punishment for this particular class of false statements, and for no other class; and it provides a heavier punishment, i. e. at hard labor,

than is imposed by section 9 for frauds in general. In accordance with the decision in U. S. v. Kuentsler, 74 Fed. 220, it must be, therefore, considered that the specific provision of section 6 applies exclusively to false statements in declarations for entry, and that the indictment, therefore, cannot proceed under section 9 for that particular offense.

It is suggested for the government that section 9 provides a punishment for entering or attempting to enter goods by means of any fraudulent appliance, including a false declaration, etc.; while the offense under section 6 might be committed without any entry or attempt to enter the goods; and that as there was an entry in this case, the fourth count should stand. I do not think, however, that this construction can be given to section 6. On the contrary, I think no offense is complete under that section until the false declaration there referred to is filed or offered to be filed with the collector when making or attempting to make entry of the goods. Section 5 provides that whenever merchandise is entered, one of the following declarations * * * shall be filed with the collector of the port at the time of entry. Section 6 declares that any person who shall knowingly make "any false statement in the declarations provided for in the preceding section" shall be punished. The declarations "provided for" are declarations filed with the collector at the time of making entry; so that the presentment of the false declaration to the collector for the purpose of making entry of the goods, is in my judgment necessary to the completion of the offense. Section 9, therefore, contains no additional or different ingredient applicable to the facts of the present case, where the only falsity is in the statement made in the declaration; and as section 9 provides a lighter punishment, it cannot be deemed to include the specific cases covered by section 6. The fact, moreover, that the punishment under section 6 is at hard labor, while that under section 9 is not, confirms the conclusion that the offense under section 6 could not be deemed complete unless the false declaration was used, or sought to be made use of, in making entry of the goods. For that is the only use that can be made of the declaration; and it is not credible that it was intended to punish falsity in a declaration never used, or sought to be used at all, more severely than other frauds by which an unlawful entry is in fact accomplished.

The demurrer as to the fourth count is, therefore, sustained, and as to the first three counts, overruled.