(C.D. 2882)

J. M. ALTIERI v. UNITED STATES

United States Customs Court, Third Division

(Dated February 2, 1967)

*J. M. Altieri* plaintiff *pro se.*

*Barefoot Sanders,* Assistant Attorney General (*Morris Braverman,* trial attorney), for the defendant.

Before RICHARDSON and LANDIS, Judges

RICHARDSON, Judge: J. M. Altieri, a broker in San Juan, Puerto Rico, acting for Kansas City Dressed Beef Co., Kansas City, Kansas, the importer of 350 cases of corned beef from the Argentine, entered the merchandise in his name as importer of record for the account of Kansas City Dressed Beef Co., without filing an owner's declaration which he might have done under 19 U.S.C.A., section 1485(d), thus making himself liable for any excess duties due. Upon liquidation it was determined that duties in excess of estimated duties were due. By the time of liquidation the importer had discontinued doing business and received a Certificate of Dissolution from the Secretary of the State of Kansas, so that the broker, who had not protected himself by filing an owner's declaration, had to pay the excess duties.

The broker filed a protest against the increased duties and served a "Notice" upon the United States Customs Court that he would appear in court when the case was called up for hearing. The implication from the "Notice" was that the broker would try his case. The Government filed a motion to strike the notice, if such would be regarded as a notice of trial pursuant to Rule 3(t) of the Rules of the United States Customs Court, on the ground that it had been determined in *S. Stern & Company* v. *United States,* 51 CCPA 15, C.A.D. 830, that customhouse brokers, under Rule 9 of the United States Customs Court are not permitted to practice law in the Customs Court.

Oral arguments were heard on the motion to strike before the trial judge on circuit in San Juan, and decision reserved for the Third Division. (R. 30).

The only difference between the facts in this case and in the *S. Stern* case is that in this case the principal has been dissolved and in the *S. Stern* case, there was no inquiry as to the status of the actual owner of the goods at the time of liquidation  The fact that the importer went out of business and the broker cannot obtain reimbursement for the increased duties he had to pay because he didn't avail himself of the protection open to him by filing an owner's declaration, does not change his status from broker to importer. The liability he now complains of is one that he voluntarily assumed when he undertook to act on behalf of others in transacting customs business, "and must, therefore, be properly represented by counsel." *S. Stern Co.* case, *supra*, page 21.   The reason for the *S. Stern Co.* rule is to prevent lay persons who are brokers from engaging in the practice of law.   The rule is neither arbitrary nor unreasonable.   It arises out of the necessity, in the proper administration of justice, of having legal proceedings carried on according to the rules of law and the practice of courts and by those charged with the responsibility of legal knowledge and professional duty.   To alter the rule to accommodate the plaintiff in this case because he as the broker has to pay the excess duties would be to open the door to evasion of the rule by assignments of claims of importers to lay persons for the purpose of permitting the assignees— not attorneys—to conduct the litigation in proper person.   The plaintiff cites no case to support his contention and the research of the court has revealed none.

The defendant's motion to strike the notice of trial filed by the plaintiff-broker is granted, without prejudice to the plaintiff to pursue his claim by counsel.