J. M. ALTIERI v. UNITED STATES (No. 5289)**

United States Court of Customs and Patent Appeals, June 13, 1968

*Robert N. Altman* for appellant.

*Edwin L. Weisl, Jr.,* Assistant Attorney General, *Andrew P. Vance,* Chief Customs Section, *Morris Braverman, Sheila N. Ziff* for the United States.

[Oral argument April 1, 1968 by Mr. Altman and Mrs. Ziff]

Before WORLEY, Chief Judge, and Judges RICH, SMITH, ALMOND, KIRKPATRICK.*

RICH, Judge, delivered the opinion of the court:

This appeal is from the granting by the United States Customs Court of the Government's motion to strike a notice of trial filed in

---

*Senior District Judge, Eastern District of Pennsylvania, sitting by designation.
**C.A.D. 940.

his own name by appellant, a customhouse broker.[1] The only issue in the case is whether appellant is entitled to appear pro se before the Customs Court. The Customs Court decided that he was not entitled to do so, without prejudice, however, to later pursuit of his claim by counsel. We affirm.

Appellant was the importer of record of 350 cases of canned corned beef for the account of the Kansas City Dressed Beef Co. Estimated duties of $639.90 were deposited at the time of entry. On liquidation, it was determined that another $46.50 was due. Appellant, not having filed an owner's declaration under section 485(d) of the tariff act,[2] was liable for these excess duties. He duly paid them and filed a protest. The notice of trial, filed in appellant's own name, indicated his intention to appear and manage subsequent litigation for himself.

Appellant's argument in favor of his right to manage the litigation is based on the provisions of the tariff law making the consignee of imported merchandise its owner for certain customs purposes [3] and on those of the judicial code giving a party the right personally to conduct his own case.[4]

Appellant acknowledges the general principle, which we take for a starting point, that a customhouse broker may not appear in a representative capacity before the Customs Court. *S. Stern & Co.* v. *United States*, 51 CCPA 15, C.A.D. 830 (1963), cert. denied, 377 U.S. 909 (1964). In *Stern* we refused to disturb a ruling that a customhouse broker, a member of a partnership which was the importer of record and which had become liable for excess duties because of a failure to file an owner's declaration, was ineligible to manage litigation in the Customs Court. ■ The policies underlying the statutory provision

---

[1] *Altieri* v. *United States*, 58 Cust. Ct. 50, C.D. 2882 (1967). A petition for "rehearing and vacating and setting aside the judgment" was denied.

[2] Section 485 of the Tariff Act of 1930, 46 Stat. 724, 19 USC 1485 (1964) provides:
*Declaration.*
(d) A consignee shall not be liable for any additional or increased duties if (1) he declares at the time of entry that he is not the actual owner of the merchandise, (2) he furnishes the name and address of such owner, and (3) within ninety days from the date of entry he produces a declaration of such owner conditioned that he will pay all additional and increased duties, under such regulations as the Secretary of the Treasury may prescribe. Such owner shall possess all the rights of a consignee.

[3] Section 483 of the Tariff Act of 1930, 46 Stat. 721, 19 USC 1483 (1964) provides:
*Consignee as owner of merchandise.* For purposes of this title:
(1) All merchandise imported into the United States shall be held to be the property of the person to whom the same is consigned; and the holder of a bill of lading duly indorsed by the consignee therein named, or, if consigned to order by the consignor, shall be deemed the consignee thereof * * *.

[4] 28 USC 1654 (1964) provides:
*Appearance personally or by counsel.*
■ In all courts of the United States the parties may plead and conduct their own cases personally or by counsel, as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.
Appellant also argues that the right to manage his own case personally is constitutionally protected. In view of the conceded statutory right to do the very same thing, we need not reach the constitutional question.

that the consignee of record be deemed the owner of the imported merchandise do not require that that fiction be indulged to such an extent that customhouse brokers be permitted to appear, in representative capacities, before the courts. See *S. Stern & Co.* v. *United States*, supra; cf. *United States* v. *Fawcett*, 86 Fed. 900 (C.C. S.D. N.Y. 1897).

Appellant argues that this case is not controlled by *Stern*. He points out that the consignee of record in *Stern* was a partnership and that he is an individual. We, however, did not rely on the status of the consignee in *Stern*. We will not so distinguish it now. The Customs Court is here attempting to guard against the unauthorized practice of law and its attendant evils. The status of the consignee, as an individual or partnership, is an irrelevant consideration. Appellant does not press this argument.

He relies heavily on the fact that the Kansas City Dressed Beef Co. was dissolved before the liquidation in this case. Appellant urges that he now has no recourse to a principal for the excess duties paid. He argues that he has therefore become the real party in interest. We disagree.

We will assume that appellant was entitled to indemnification for the excess duties paid and has not been so indemnified. We will also assume that there is no entity against which he may now proceed for this indemnity. We further assume his right to retain $46.50 of any funds of the Kansas City Dressed Beef Co. which come into his hands as a result of this litigation. We cannot agree, however, that the Kansas City Dressed Beef Company's cause of action thus has become appellant's; indeed, that any principal's cause of action would become his agent's on similar facts. See Restatement (Second) of Agency, §§ 463–66 (1957).

In the final analysis, appellant must rely on the statutory characterization of the consignee as an owner. We have already held in *Stern* that that provision will not transform the agent into the real party in interest:

■ While the customhouse broker, in the absence of filing an owner's declaration, is *deemed* the owner for certain customs purposes, he is nevertheless an agent for purposes of conducting litigation and managing cases in court and must, therefore, be properly represented by counsel.

Cf. *Heiskell* v. *Mozie*, 65 App. D.C. 255, 82 F. 2d 861 (1936).

The decision of the Customs Court is *affirmed*.