(C.D. 3878)

R. G. Hobelmann & Co., Inc. v. United States

United States Customs Court, Second Division

(Dated August 20, 1969)

Plaintiff unrepresented by counsel.

*William D. Ruckelshaus*, Assistant Attorney General (*Herbert T. Posner*, trial attorney), for the defendant.

Before Rao, Ford, and Newman, Judges

Newman, Judge: When this case was called for trial at the port of Baltimore, Maryland on April 15, 1969, there was no appearance on behalf of the plaintiff corporation. Accordingly the Government moved to dismiss the protest for lack of prosecution, which the court granted. Plaintiff, which is unrepresented by counsel, has now moved this court for an order granting a rehearing.

Defendant has filed a vigorous opposition. Quite apart from the merits of the motion, defendant contends that plaintiff's application must be denied, since only an attorney may appear on behalf of a corporation. Hence defendant insists, plaintiff's application constitutes the unlawful practice of law; and therefore the moving papers are a nullity.

It appears from the allegations set forth in the moving affidavit that the plaintiff corporation acted in the capacity of a customhouse broker in connection with the entry of the involved merchandise, and although plaintiff was the importer of record, the ultimate consignee was Trans-Ocean Bridge Company, Inc. Consequently, it is clear that in filing the present motion the plaintiff broker was acting solely in a representative capacity on behalf of Trans-Ocean Bridge Company, Inc.

We do not here consider the merits of the within application inasmuch as we are constrained, as a threshold finding, to deny plaintiff's motion. It is now well settled that only an attorney duly admitted to practice before this court may appear in a representative capacity for others. Although the plaintiff herein is a corporation rather than a partnership, the rationale of *S. Stern, Henry & Co.* v. *United States*, 48 Cust. Ct. 430, Abstract 66718 (1962), *aff'd sub nom. S. Stern & Company* v. *United States*, 51 CCPA 15, C.A.D. 830, 331 F. 2d 310 (1963), cert. den., 377 U.S. 909 (1964), is pertinent to the present proceedings. In *Stern*, this court stated (at 431–433) :

> A party-plaintiff may be an individual, a corporation, or an association. The individual is the only party-plaintiff who can appear and manage his case *personally*. Neither a corporation nor a partnership can physically appear *personally*. [Italics in original.]
>
> \*　　\*　　\*　　\*　　\*　　\*　　\*
>
> It is generally accepted that when a corporation is a "party" it may not appear and manage its case even where it is a "consignee." [Citing cases.]
>
> \*　　\*　　\*　　\*　　\*　　\*　　\*
>
> Rule 9 of the Customs Court permits parties to *appear personally and manage their cases*. It does not permit parties to *appear in a representative capacity and manage cases for others*, unless they are attorneys duly admitted under the rules of the court to practice at its bar. [Italics appear in original.]

Our appellate court in *Stern* commented (51 CCPA at 21) :

> \* \* \* While the customhouse broker, in the absence of filing an owner's declaration, is *deemed* the owner for certain customs purposes, he is nevertheless an agent for purposes of conducting litigation and managing cases in court and must, therefore, be properly represented by counsel. [Italics appear in original.]

Continuing, the appellate court observed (*ibid.*) :

> \* \* \* We agree with the trial court that permission to "appear personally and manage their cases" is so clear that it forecloses a construction that would permit parties to "appear in a representative capacity and manage cases for others," unless they are duly admitted members of the bar of the trial court. This interpretation is in harmony with the overwhelming weight of apposite authority.

In light of the finding in *Stern*, we hold that the plaintiff corporation, which is not represented by counsel, has engaged technically in the unauthorized practice of law and has no standing before this court to pursue the remedy sought. It follows that this motion must be denied, but without prejudice to the expeditious filing of an appropriate application, if plaintiff is so advised.