(C.R.D. 73–32)

WORLD MART, INC. *v.* UNITED STATES

Court No. R64/24029

(Dated November 30, 1973)

*Cassel and Benjamin* (*Julian R. Benjamin* of counsel) for the plaintiff.
*Irving Jaffe*, Acting Assistant Attorney General (*Glenn E. Harris*, trial attorney), for the defendant.

NEWMAN, Judge: Defendant has moved to strike the complaint filed in this action, which is captioned alternatively:

| I. WORLD MART, INC., a Florida corporation, | COURT NUMBER |
|---|---|
| Plaintiff. | Action No. R_____ |
| vs. | October, 1970 Reserve File |
| UNITED STATES, | Item No. _____ |
| Defendant. | |

OR

| II. PHILIP J. BERNSTEIN ENTERPRISES, | COURT NUMBER |
|---|---|
| Plaintiff. | Action No. R64–24029 |
| vs. | October, 1970 Reserve File |
| UNITED STATES, | Item No. 650.5520 |
| Defendant. | FLATWARE |

It is noted that the initial paragraph of the complaint provides a space in which to indicate "by Roman numeral I or Roman numeral II" whether World Mart, Inc. (Roman numeral I) or Philip J. Bernstein Enterprises (Roman numeral II) is the plaintiff in the action. Inasmuch as Roman numeral II appears in the space so provided, the complaint thus designates Philip J. Bernstein Enterprises as the plaintiff.

Defendant contends that Philip J. Bernstein Enterprises is not the actual plaintiff in this appeal for reappraisement, and hence is not authorized to file the complaint pursuant to rule 4.4. No opposition or other response to defendant's motion to strike has been filed on behalf of either Philip J. Bernstein Enterprises, which is designated as the plaintiff in the complaint, or by World Mart, Inc., the actual plaintiff who filed this appeal for reappraisement with the collector of customs at the port of Miami.

At the outset, I wish to stress that the caption of the complaint in this action should contain the name of but one plaintiff, rather than

the names of two plaintiffs in the alternative. Such latter caption unnecessarily triggers confusion and misunderstanding, and undoubtedly is responsible for the error in designating Bernstein as the party-plaintiff in the complaint.[1] In point of fact, by virtue of filing the appeal for reappraisement, World Mart, Inc. is the sole "plaintiff" in this action within the purview of rule 4.4, and the caption of the complaint should reflect this fact.

While it is true that World Mart, Inc. is the actual plaintiff, rather than Philip J. Bernstein Enterprises, defendant's motion to strike the complaint will be denied without prejudice to a reconsideration thereof for the reason that plaintiff's attorney of record has not been served with a copy of the motion, and thus has had no opportunity to respond to the motion by filing an amended complaint or otherwise.

The complaint was signed in the following manner:

CASSEL AND BENJAMIN AND BRIAN R. HERSH
By (Signature)
    BRIAN R. HERSH, Attorneys for Plaintiff
    602 Biscayne Building, 19 W. Flagler St.
    Miami, Florida 33130, Tel: 379–1641

The certificate of service attached to defendant's motion recites that service by mail was made upon:

CASSEL AND BENJAMIN AND BRIAN R. HERSH
602 Biscayne Building, 19 W. Flagler St.
Miami, Florida 33130

From the foregoing documents, it would appear that service of defendant's motion was proper. However, this is not the situation as will appear from the following circumstances.

I shall first discuss the status of Brian R. Hersh. While it is true that Mr. Hersh signed and filed the complaint (ostensibly on behalf of Bernstein), he has not filed a notice of appearance in this case on behalf of World Mart, Inc., the actual plaintiff. Thus, Mr. Hersh is not regarded as plaintiff's (World Mart, Inc.) attorney of record.[2]

Turning now to Cassel and Benjamin, I have noted that said firm filed a notice of appearance on behalf of World Mart, Inc., as required

---

[1] While seemingly anomalous in view of the nature of the present motion, defendant has erroneously captioned its motion papers Philip J. Bernstein Enterprises v. United States, which is not the proper title of this action. To comply with rule 4.3(a) defendant's motion papers should be captioned in accordance with the correct title of the action, viz.: World Mart, Inc. v. United States. The erroneous caption on the motion papers has caused an additional source of confusion in this matter when the very issue presented concerns the proper party-plaintiff.

[2] Unlike the complaint in the district courts which commences a civil action pursuant to rule 3 of the Fed. Rules Civ. Proc., 28 U.S.C., a complaint in this court pursuant to rule 4.4 does not initiate an action. Thus, the complaint signed by Mr. Hersh is not a "paper commencing an action" within the purview of rule 16.3(b), which relieves attorneys from filing a separate notice of apppearance if their name and address appear in a summons, or other paper commencing an action (i.e., protest or appeal for reappraisement).

by rule 16.3(a), thus constituting that firm as plaintiff's attorney of record.[3] I have further observed from such notice of appearance that the office address of Cassel and Benjamin is Suite 501 Flagler Federal Building, 111 Northeast 1st Street, Miami, Florida 33132. This address is different from the address shown on the complaint filed by Mr. Hersh and on defendant's certificate of service.

In light of the foregoing facts, it is clear that defendant's motion was not served upon plaintiff's attorney of record (Cassel and Benjamin) at its office address, as required by rule 4.1(a)(2).[4] Moreover, there is nothing in the court's file to indicate that Mr. Hersh, who it is emphasized is not plaintiff's attorney of record, is authorized to accept service of motion papers at his office located at 602 Biscayne Building, 19 W. Flagler St., Miami, Florida 33130 on behalf of Cassel and Benjamin.

Under all of the circumstances herein, and to avoid any possible prejudice to plaintiff or its counsel, defendant's motion is hereby denied, but without prejudice to a reconsideration thereof at such time that appropriate proof is filed with the court showing service of a copy of defendant's motion upon Cassel and Benjamin at their office address, as prescribed by rule 4.1.

(C.R.D. 73-33)

---

[3] Rule 16.3(a) provides: (a) Notice of Appearance: Attorneys authorized to appear in actions pending before the court shall file notice thereof in writing with the clerk. Such notice shall state the title and court number of the action, and the name, address and telephone number of the attorney or attorneys so appearing. The notice shall be substantially in the form as set forth in Appendix F.

[4] Rule 4.1(a)(2) provides, so far as pertinent: "Every * * * written motion * * * shall be served upon each of the parties affected thereby and filed with the court in the following manner: * * * (2) upon a party other than the United States, by delivery or by mailing a copy to the *attorney of record for such party at his office address*". (Emphasis added.)