(C.D. 4490)

WORLD MART, INC. v. UNITED STATES

Court Nos. R65/4341, etc.

(Dated December 7, 1973)

*Cassel and Benjamin* (*Julian R. Benjamin of counsel*) for the plaintiff (except in Court No. R67/2801).

*Irving Jaffe,* Acting Assistant Attorney General (*Glenn E. Harris,* trial attorney), for the defendant.

NEWMAN, Judge: Defendant's motion for a more definite statement covering these 26 appeals for reappraisement will be denied without prejudice to a reconsideration thereof.[1] In summary, plaintiff's attorney of record has not been served with a copy of defendant's motion, and thus has had no opportunity to respond to the motion.

The complaints were signed in the following manner:

CASSEL AND BENJAMIN AND BRIAN R. HERSH
By  (Signature)
 BRIAN R. HERSH, Attorneys for Plaintiff
 602 Biscayne Building, 19 W. Flagler St.
 Miami, Florida 33130, Tel: 379–1641

The certificate of service attached to defendant's motion recites that service by mail was made upon:

CASSEL AND BENJAMIN AND BRIAN R. HERSH
 602 Biscayne Building, 19 W. Flagler St.
 Miami, Florida 33130

---

[1] One of the 26 appeals, Court No. R67/2801, however, will be dismissed *sua sponte* for the reasons stated hereinafter.

From the foregoing documents, it would appear that service of defendant's motion was proper. However, this is not the situation as will appear from the following circumstances.

I shall first discuss the status of Brian R. Hersh, Esq. While it is true that Mr. Hersh signed and filed the complaints, he has not filed a notice of appearance in any of these 26 cases in accordance with rule 16.3(a).[2] Thus, Mr. Hersh is not regarded as plaintiff's attorney of record within the purview of rule 4.1(a)(2).[3]

Respecting Cassel and Benjamin, Esqs., I have noted that, except in Court No. R67/2801, said firm has either filed the appeals for reappraisement as plaintiff's attorney[4] or has filed notices of appearance on behalf of plaintiff, as required by rule 16.3(a), thus constituting that firm as plaintiff's attorney of record. I have further observed from the notices of appearance that the office address of Cassel and Benjamin is Suite 501 Flagler Federal Building, 111 Northeast 1st Street, Miami, Florida 33132. This address is different from the address shown on the complaints filed by Mr. Hersh and on defendant's certificate of service.

In light of the foregoing facts, it is clear that defendant's motion was not served upon plaintiff's attorney of record (Cassel and Benjamin) at its office address, as required by rule 4.1(a)(2). Moreover, there is nothing in the court's file to indicate that Mr. Hersh, who it is emphasized is not plaintiff's attorney of record, is *authorized* to accept service of motion papers at his office located at 602 Biscayne Building, 19 W. Flagler St., Miami, Florida 33130 on behalf of Cassel and Benjamin.

Under all of the circumstances herein, and to avoid any possible prejudice to plaintiff or its counsel, except in Court No. R67/2801, defendant's motion is hereby denied, but without prejudice to a reconsideration thereof at such time that appropriate proof is filed with the court showing service of a copy of defendant's motion upon Cassel and Benjamin at their office address, as prescribed by rule 4.1. See *World Mart, Inc.* v. *Uited States*, 71 Cust. Ct. 292, C.R.D. 73–32 (1973).

Turning now to Court No. R67/2801, which I previously indicated would be dismissed *sua sponte*, the court's records disclose that such appeal was received by the court on February 9, 1967 and no attorney

---

[2] Rule 16.3(a) provides: "(a) **Notice of Appearance:** Attorneys authorized to appear in actions pending before this court shall file notice thereof in writing with the clerk. Such notice shall state the title and court number of the action, and the name, address and telephone number of the attorney or attorneys so appearing. The notice shall be substantially in the form as set forth in Appendix F".

[3] Rule 4.1(a)(2) provides, so far as pertinent: "Every * * * written motion * * * shall be served upon each of the parties affected thereby and filed with the court in the following manner: * * * (2) upon a party other than the United States, by delivery or by mailing a copy to the *attorney of record for such party at his office address*". (Emphasis added.)

[4] As an appeal for reappraisement is a "paper commencing an action" within the purview of rule 16.3(b), separate notices of appearance are not required in those cases wherein Cassel and Benjamin filed appeals for reappraisements as plaintiff's attorney.

has yet filed a notice of appearance on behalf of the plaintiff. While I have noted that Mr. Hersh's name and address appear on the complaints filed by him, such complaints in this court do not constitute the requisite notice of appearance pursuant to rule 16.3(a). Unlike a complaint in the district courts which commences a civil action, pursuant to rule 3 of the Fed. Rules Civ. Proc., 28 U.S.C., a complaint in this court filed pursuant to rule 4.4 does not initiate an action. Thus, the complaints filed by Mr. Hersh are not "paper[s] commencing an action" within the purview of rule 16.3(b), which relieves attorneys from filing a separate notice of appearance if their name and address appear in a summons, or other paper commencing an action (i.e., protest or appeal for reappraisement). *World Mart, Inc.* v. *United States, supra.* In view of the foregoing circumstances, the plaintiff corporation is not represented by an attorney of record. Inasmuch as a corporate plaintiff in this court must be represented by counsel,[5] and plaintiff has no attorney of record in Court No. R67/2801, that case is hereby dismissed *sua sponte.*

(C.D. 4491)

---

[5] In *S. Stern, Henry & Co.* v. *United States,* 48 Cust. Ct. 430, 431–33; Abstract 66718 (1962), *aff'd sub nom., S. Stern & Company* v. *United States,* 51 CCPA 15, C.A.D. 830, 331 F.2d 310 (1963), *cert. denied,* 377 U.S. 909 (1964), the court stated:

> A party-plaintiff may be an individual, a corporation, or an association. The individual is the only party-plaintiff who can appear and manage his case personally. Neither a corporation nor a partnership can physically appear *personally.* [Italics in original.]

> *    *    *    *    *    *    *

> It is generally accepted that when a corporation is a "party" it may not appear and manage its case even where it is a "consignee".

See also: *R. G. Hobelmann & Co., Inc.* v. *United States,* 63 Cust. Ct. 80, 3878 (1969).