(C.R.D. 73–34)

Philip J. Bernstein Enterprises *v.* United States

Court Nos. R64/24334, etc.

(Dated December 7, 1973)

*Cassel and Benjamin (Julian R. Benjamin* of counsel) for the plaintiff.
*Irving Jaffe,* Acting Assistant Attorney General (*Glenn E. Harris,* trial attorney), for the defendant.

Newman, Judge: Defendant's motion for a more definite statement covering these six appeals for reappraisement will be denied without prejudice to a reconsideration thereof. Plaintiff's attorney of record has not been served with a copy of defendant's motion, and thus has had no opportunity to respond to the motion.

The complaints were signed in the following manner:

Cassel and Benjamin and Brian R. Hersh
By _____ (Signature) _____
Brian R. Hersh, Attorneys for Plaintiff
602 Biscayne Building, 19 W. Flagler St.
Miami, Florida 33130, Tel: 379–1641

The certificate of service attached to defendant's motion recites that service by mail was made upon:

Cassel and Benjamin and Brian R. Hersh
602 Biscayne Building, 19 W. Flagler St.
Miami, Florida 33130

From the foregoing documents, it would appear that service of defendant's motion was proper. However, this is not the situation as will appear from the following circumstances.

I shall first discuss the status of Brian R. Hersh, Esq. While it is true that Mr. Hersh signed and filed the complaints, he has not filed a notice of appearance in any of these six cases in accordance with rule 16.3(a).[1] Thus, Mr. Hersh is not regarded as plaintiff's attorney of record within the purview of rule 4.1(a)(2).[2]

---

[1] Rule 16.3(a) provides: "(a) Notice of Appearance: Attorneys authorized to appear in actions pending before this court shall file notice thereof in writing with the clerk. Such notice shall state the title and court number of the action, and the name, address and telephone number of the attorney or attorneys so appearing. The notice shall be substantially in the form as set forth in Appendix F".

[2] Rule 4.1(a)(2) provides, so far as pertinent: "Every * * * written motion * * * shall be served upon each of the parties affected thereby and filed with the court in the following manner: * * * (2) upon a party other than the United States, by delivery or by mailing a copy to the *attorney of record for such party at his office address*". (Emphasis added.)

Respecting Cassel and Benjamin, Esqs., I have noted that said firm has filed notices of appearance on behalf of plaintiff, as required by rule 16.3(a), thus constituting that firm as plaintiff's attorney of record. I have further observed from the notices of appearance that the office address of Cassel and Benjamin is Suite 501 Flagler Federal Building, 111 Northeast 1st Street, Miami, Florida 33132. This address is different from the address shown on the complaints filed by Mr. Hersh and on defendant's certificate of service.

In light of the foregoing facts, it is clear that defendant's motion was not served upon plaintiff's attorney of record (Cassel and Benjamin) at its office address, as required by rule 4.1(a)(2). Moreover, there is nothing in the court's file to indicate that Mr. Hersh, who it is emphasized is not plaintiff's attorney of record, is *authorized* to accept service of motion papers at his office located at 602 Biscayne Building, 19 W. Flagler St., Miami, Florida 33130 on behalf of Cassel and Benjamin.

Under all of the circumstances herein, and to avoid any possible prejudice to plaintiff or its counsel, defendant's motion is hereby denied, but without prejudice to a reconsideration thereof at such time that appropriate proof is filed with the court showing service of a copy of defendant's motion upon Cassel and Benjamin at their office address, as prescribed by rule 4.1. See *World Mart, Inc.* v. *United States*, 71 Cust. Ct. 292, C.R.D. 73–32 (1973); *World Mart, Inc.* v. *United States*, 71 Cust. Ct. 164, C.D. 4490 (1973).