(C.R.D. 73–38)

PHILIP J. BERNSTEIN ENTERPRISES v. UNITED STATES

Court Nos. R64/11956, etc.

(Dated December 26, 1973)

*Cassel and Benjamin* (*Julian R. Benjamin* of counsel) for the plaintiff.
*Irving Jaffe*, Acting Assistant Attorney General (*Glenn E. Harris*, trial attorney), for the defendant.

NEWMAN, Judge: Defendant has moved for leave to file out of time a motion for a more definite statement in the form of amended complaints to be filed by plaintiff. No opposition or other response to defendant's motion has been interposed on behalf of plaintiff. However, defendant's motion must be denied.

It has been noted from the certificate of service attached to defendant's motion that plaintiff's attorneys of record, Cassel and Benjamin, have not been served with a copy of the motion at their office address, Suite 501 Flagler Federal Building, 111 Northeast 1st Street, Miami, Florida 33132, as required by rule 4.1(a)(2). See *Philip J. Bernstein Enterprises v. United States*, 71 Cust. Ct. 297, C.R.D. 73–34 (1973). Plaintiff's attorneys, therefore, have not had an opportunity to respond to defendant's motion.

Furthermore, an examination of the court record discloses that these cases were partially tried at a Miami docket on March 29, 1965. Hence, the cases "shall be further processed and governed in accordance with

the law and with the rules of the court in effect prior to October 1, 1970". Rule 14.9(b)(1).

Rule 14.9(b)(2) provides, so far as pertinent:

> Actions in which, in open court, a witness was sworn or evidence was admitted prior to October 1, 1970 * * * shall be deemed to be actions in which trials have commenced prior to October 1, 1970.

At the hearing in Miami, Florida in 1965 plaintiff was sworn as a witness; evidence was admitted, but the trial was not concluded. Hence, this is an action in which trial has "commenced" prior to October 1, 1970 within the purview of rule 14.9(b)(2). Upon adjournment of the Miami hearing, the cases were continued to the next docket. Subsequently these cases were suspended under *Continental Forwarding, Inc. v. United States*, Reap. No. R58/23790, 46 Cust. Ct. 579, R.D. 9910 (1961), *rem'd*, 52 Cust. Ct. 629, A.R.D. 171 (1964), *aff'd, United States v. Continental Forwarding, Inc.*, 53 CCPA 105, C.A.D. 885 (1966), which test case was, in turn, suspended under *Continental Fwdg. Company et al. v. United States*, Reap. No. R60/2082, 62 Cust. Ct. 915, R.D. 11659, 297 F. Supp. 1396 (1969), *aff'd, United States v. Continental Fwdg. Company et al.*, 64 Cust. Ct. 838, A.R.D. 270, 311 F. Supp. 956 (1970), *aff'd*, 59 CCPA 178, C.A.D. 1063, 463 F.2d 1129 (1972). Notwithstanding the aforementioned suspensions, these cases "shall be further processed and governed in accordance with the law and with the rules of the court in effect prior to October 1, 1970" pursuant to rule 14.9(b)(1), rather than processed under rule 14.9 (c)(2), providing for the transfer of certain cases to the suspension disposition file.*

Complaints and motions for a more definite statement were not provided for by the rules in effect prior to October 1, 1970. Consequently, the complaints herein were improperly filed, and therefore they will be stricken, *sua sponte*.

In light of the foregoing circumstances, it is hereby ORDERED:

1. Defendant's motion for leave to file out of time a motion for a more definite statement is denied;

2. The complaints, improperly filed in these actions, are stricken, *sua sponte*.

---

*Rule 14.9(c)(2) provides: *"Trials Not Commenced:* All actions in which trials have not commenced prior to October 1, 1970 shall, as of that date and for purposes of this rule, be deemed to be in one of the following two subcategories: * * * (2) Actions suspended pending the final determination of another action. Such actions shall remain suspended until the final determination of the action under which they were suspended, at which time they shall be transferred to the suspension disposition file in accordance with Rule 14.8".