(C.R.D. 80–12)

BEDDY G. CURY, CURLY TOP, INC., MOVANT, *v.* UNITED STATES, RESPONDENT

Protest Nos. 1001–0–000678, etc.

(Dated September 15, 1980)

FORD, Judge: It appears from the papers filed in this matter that Mr. B. G. Cury, chairman and sole stockholder of Curly Top, Inc., advised the clerk of this court by letter dated July 24, 1980, that he

desired to bring an action in this court without the benefit of counsel. On July 29, 1980, Mr. Cury was advised by the chief deputy clerk of this court that the summonses were being returned since they were not in conformity with rule 3.2(a), which provides for a filing fee to be paid when the action is commenced. In addition, Mr. Cury was advised that rule 3.2(c) requires that, except in an action commenced by an individual in his own behalf, a summons must be filed by an attorney admitted to practice before the court. He was further advised that, if he felt aggrieved by the refusal of the clerk's office to accept the summonses as prescribed in rule 17.1(a) of the rules of this court, he may move to compel the clerk to accept the summonses by filing a motion to that effect pursuant to rule 4.12 and serve a copy of the motion upon respondent pursuant to rule 4.1.

Mr. Cury filed four separate letters together with summonses and checks representing the filing fees in which he requested the privilege to be heard and defend his position. The office of the clerk on August 18 advised Mr. Cury that it was considering his four letters as a motion to compel the clerk to accept the filing of the four summonses.

Respondent opposes the motion to compel the clerk to accept the filing on the basis that the movant corporation is required to bring an action by an attorney duly admitted to practice before this court as required by rule 16.3(e) of the rules of this court.

The case law on this subject is unequivocal in holding that a corporation can be represented in court only through an attorney at law. The decisions in this court and in the Court of Customs and Patent Appeals follow this principle. *S. Stern, Henry & Co.* v. *United States*, 48 Cust. Ct. 430 (1962), *aff'd*, 51 CCPA 15, C.A.D. 830 (1963), *cert. den.* 377 U.S. 909 (1964); *J. M. Altieri* v. *United States*, 58 Cust. Ct. 50, C.D. 2882 (1967), *aff'd*, 55 CCPA 104, C.A.D. 940 (1968); *R. G. Hobelmann & Co.* v. United States, 63 Cust. Ct. 80, C.D. 3878 (1969); *World Mart, Inc.* v. *United States*, 71 Cust. Ct. 164, C.D. 4490 (1973).

Similarly, other Federal courts have followed this principle. *Osborn* v. *Bank of United States*, 22 U.S. (9 Wheat.) 738, 830 (1824); *In re Victors Publishing Co.*, 545 F. 2d 285, 286 (1st Cir. 1976); *SEC* v. *Research Automation Corp.*, 521 F. 2d 585, 589 (2d Cir. 1975); *Shapiro, Bernstein & Co.* v. *Continental Record Co.*, 386 F. 2d 426, 427 (2d Cir. 1967); *Simbraw, Inc.* v. *United States*, 367 F. 2d 373, 374 (3d Cir. 1966); *Acme Poultry Corp.* v. *United States*, 146 F. 2d 738, 740 (4th Cir. 1944); *Ginger* v. *Cohn*, 426 F. 2d 1385, 1386 (6th Cir. 1970); *United States* v. *9.19 Acres of Land*, 416 F. 2d 1244, 1245 (6th Cir. 1969); *Strong Delivery Ministry Ass'n.* v. *Board of Appeals of Cook County*, 543 F. 2d 32, 33 (7th Cir. 1976); *In re Highley*, 459 F. 2d 554, 555 (9th Cir. 1972); *Devilliers* v. *Atlas Corp.*, 360 F. 2d 292, 294

(10th Cir. 1966); *Flora Construction Co.* v. *Fireman's Fund Insurance Co.*, 307 F. 2d 413, 414 (10th Cir. 1962), *cert. den.*, 371 U.S. 950 (1963). See also 19 A.L.R. 3d 1073.

Upon reviewing the papers the court notes the protests were denied on April 25, 1980, May 16, 1980, and two denials on July 25, 1980. The time within which to institute an action is governed by 28 U.S.C. 2631(a) and provides such action be filed within 180 days of such denial. Accordingly, in order to protect its rights, movant should obtain a counsel duly admitted to practice before this court and have the summonses filed within the appropriate times.

In view of the foregoing, movant's motion to compel the clerk to file the summonses relating to the protest numbers indicated on the annexed schedule is denied.