386 F.2d 426
 SHAPIRO, BERNSTEIN & CO., Inc., Bourne, Inc., Leeds Music Corporation, Pickwick Music Corporation, Southern Music Publishing Co., Inc., Peer International Corporation, Cedarwood Publishing Co., Inc., Mary A. Bowman, Joy Music, Inc., Sunbeam Music Corporation and Laurel Music Corporation, Plaintiffs-Appellants,
v.
CONTINENTAL RECORD CO., Inc., Defendant-Appellee.
 No. 199.
 No. 200.
 Docket 31713.
 Docket 31714.
 United States Court of Appeals Second Circuit.
 Argued November 22, 1967.
 Decided November 28, 1967.
 
 Robert C. Osterberg, New York City (Julian T. Abeles, New York City, on the brief), for plaintiffs-appellants.
 No appearance for defendant-appellee.
 Before LUMBARD, Chief Judge, and KAUFMAN and FEINBERG, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs, eleven music publishers, brought suit in November 1964 against defendant, a New York corporation manufacturing phonograph records, for unauthorized use of copyrighted musical work. In December 1964, defendant's answer admitted that it had used the works in question, and that license agreements did exist; however, it denied that any royalties were due and owing. In April 1966, an order was entered in a companion case[1] against defendant on the issue of liability, referring issues of damages to a special master. Shortly thereafter, defendant's attorneys, who also represented it in the companion case, moved to be relieved in this case; they claimed that the former owner of defendant, no stranger to this court,[2] had sold his interest to another person "unknown" to the attorneys. Although plaintiffs opposed the motion because they feared further delay, it was granted in May 1966. However, defendant was directed by the United States District Court for the Southern District of New York to designate an attorney within fourteen days. The order also provided that if defendant failed to do so, "plaintiffs may move for such relief as they deem appropriate." No attorney has ever been designated. Plaintiffs attempted to file a note of issue to bring the case on for trial but were unable to do so because defendant had no attorney. Finally, in January 1967, plaintiffs moved for an interlocutory default judgment on the issue of liability pursuant to Fed. R.Civ.P. 55; the motion also sought appointment of a special master to determine the amount of damages and a preliminary injunction against defendant pending entry of a final judgment. In July, the district court denied the motion and instructed plaintiffs to refile the note of issue, listing defendant corporation "as representing itself (Pro Se)." This appeal followed; defendant made no appearance in this court.
 
 
 2
 Because the district court's order denied plaintiffs' request for a preliminary injunction, we have jurisdiction. 28 U.S.C. § 1292(a) (1). It is clear that failure to grant that relief was error and reversal on that ground alone is called for. Moreover, we note that for eight months prior to the motion and for well over a year prior to the decision below, defendant was under an order of the district court to appoint counsel so that this case could proceed to trial. Without question, such cavalier disregard for a court order is a failure, under Rule 55 (a), to "otherwise defend as provided by these rules." In addition, it is settled law that a corporation cannot appear other than by its attorney. See, e. g., Simbraw, Inc. v. United States, 367 F.2d 373 (3d Cir. 1966); Flora Construction Co. v. Fireman's Fund Ins. Co., 307 F.2d 413 (10th Cir. 1962), cert. denied, 371 U.S. 950, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963). As plaintiffs requested, the district court should also have entered a default judgment on the issue of liability and appointed a special master to determine the amount of damages.
 
 
 3
 Judgment reversed and case remanded to the district court for proceedings consistent with this opinion.
 
 
 
 Notes:
 
 
 [1]
 Chappell & Co. v. Continental Record Co., 64 Civ. 3173 (S.D.N.Y., filed Oct. 20, 1964)
 
 
 [2]
 See Shapiro, Bernstein & Co. v. Remington Records, Inc., 265 F.2d 263 (2d Cir. 1959), in which the actions of the former owner were similar to those alleged here