UNITED STATES of America,
Plaintiff-Appellee,

v.

9.19 ACRES OF LAND, MORE OR LESS,
Situate IN MARQUETTE COUNTY,
MICHIGAN, Beico, Inc., Defendants-Appellants.

No. 19310.

United States Court of Appeals
Sixth Circuit.

Oct. 22, 1969.

James C. Eastman, Pledger & Mahoney, Washington, D. C., for appellants.

Shiro Kashiwa, Asst. Atty. Gen., Edmund B. Clark, Charles N. Woodruff, Attys., Dept. of Justice, Washington, D. C., Harold D. Beaton, U. S. Atty., Grand Rapids, Mich., for appellee.

Before PHILLIPS, Chief Judge, CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM:

This is an appeal of a condemnation award from the United States District Court for the Western District of Michigan, in which the Appellant received $100.00 from the Government for a taking of 9.19 acres of its land for an easement. The sole issues presented are: whether the District Court erred in refusing to allow the president of the Appellant corporation to represent the corporation pro se in the condemnation suit; or, in the alternative, whether it abused its discretion by refusing to grant a continuance in order that the Appellant might have time to retain counsel.

The United States condemned an easement over the land of the Appellant, a closely held Michigan corporation. The notice of condemnation was filed in 1966. Negotiations were conducted with the president of the corporation, however no agreement was reached as to value. On October 10, 1968, a trial was sched-

uled on the issue of just compensation. The Appellant's president, having learned only a week before that he could not argue his corporation's case pro se, tried in vain to retain licensed counsel to represent the Appellant, and he appeared at trial without counsel. The United States District Court ruled that a corporation could only be represented by licensed counsel, however it refused to grant a continuance so as to allow him to retain qualified counsel. The trial proceeded ex parte, and a judgment of $100.00 was entered for the Appellant.

■ The United States District Court was clearly correct in ruling that a corporate president may not represent his corporation before a federal court. 28 U.S.C. § 1654 (1964), which provides that "parties may plead and conduct their own cases personally or by counsel * * *.," has been uniformly construed to mean that a corporation cannot appear otherwise than through an attorney. See, e. g. Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426 (2d Cir. 1967); Simbraw, Inc. v. United States, 367 F.2d 373 (3d Cir. 1966); Flora Construction Co. v. Fireman's Fund Insurance Co., 307 F.2d 413 (10th Cir. 1962), cert. denied, 371 U.S. 950, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963), rehearing denied, 373 U.S. 919, 83 S.Ct. 1296, 10 L.Ed.2d 419 (1963).

■ The question remains whether the District Court abused its discretion by refusing to grant the Appellant a continuance in order that it have time to retain qualified counsel.

"The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. Contrariwise, a myopic insistence upon expeditiousness in the face of justifiable request for delay can render the right to defend with counsel an empty formality. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1963), rehearing denied, 377 U.S. 925, 84 S.Ct. 1218, 12 L.Ed.2d 217.

In the District Court, the Appellant's president contended that neither the notice of condemnation, nor Rule 71A(e), Federal Rules of Civil Procedure, expressly required that the condemnee have a lawyer; that a Department of Justice lawyer told him he could appear for the Appellant pro se; that the amount in controversy seemed so meager as not to justify retaining counsel; that, when he finally did learn of the requirement, there was insufficient time for him to retain counsel.

■ The Appellant's property having already been taken and the sole issue being that of compensation, the District Court was not confronted with a pressing enough matter to justify denial of a continuance until the Appellant could retain counsel and the parties and the two witnesses could return to the courtroom. In many of the cases relied on by the Government on this appeal, the courts granted reasonable continuances in order to give the corporations adequate time to retain counsel. Flora Construction Co. v. Fireman's Fund Insurance Co., supra (a reasonable time); Shapiro, Bernstein & Co. v. Continental Record Co., supra (14 days); MacNeil v. Hearst Corp., 160 F.Supp. 157 (Del. 1958) (30 days); Brandstein v. White Lamps, 20 F.Supp. 369 (S.D.N.Y.1937) (20 days). That should have been done in this case.

The judgment of the District Court is vacated and this cause is remanded for new trial.