In the Matter of George C. HIGHLEY, individually and dba The Highlander, etc., Bankrupts.

HIGHLANDER, INC., and Cybertronica-Nevada, Inc., et al., Claimants-Appellants,

v.

Don ROTHMAN, Trustee, Appellee.

No. 71–1144.

United States Court of Appeals, Ninth Circuit.

April 19, 1972.

Robert G. Leff (argued), of Lipsig, Rosenfield, Temkin & Leff, Beverly Hills, Cal., Robert Krause, Long Beach, Cal., for appellants.

Richard F. Broude (argued), of Gendel, Raskoff, Shapiro & Quittner, Los Angeles, Cal., for appellee.

Before KOELSCH, DUNIWAY and WRIGHT, Circuit Judges.

DUNIWAY, Circuit Judge:

Appellants seek to have the involuntary adjudication of bankruptcy of

Highlander, Inc., set aside on grounds that the bankruptcy court lacked jurisdiction over the proceedings.

## FACTS

An involuntary petition in bankruptcy was filed on June 23, 1966, against George C. Highley, individually and doing business as The Highlander, Highlander Sanitarium, and Highlander, Inc., and against Highlander, Inc., a California corporation doing business as The Highlander and Highlander Sanitarium. Because various parties purported to speak for Highlander, Inc., it was stipulated that Stuart Schoenburg would act as counsel for the corporation in the proceedings.

Highley consented to be adjudicated a bankrupt and was so adjudicated on January 30, 1967. On November 7, 1968, Highlander, Inc., was adjudicated bankrupt by the Referee in Bankruptcy, all operating assets of the corporation having been sold on January 31, 1968. A petition for review of that order of adjudication was filed by E. M. Comora, but that petition was dismissed by the district court because Comora was a creditor of the bankrupt and had no standing to seek review of the adjudication. Thereafter, the trustee disbursed the remaining assets of the bankrupt corporation among various claimants.

On December 17, 1969, Comora filed a petition for an order appointing Lipsig, Rosenfield, Temkin & Leff as attorneys for Highlander, Inc., Mr. Schoenburg having been suspended from the practice of law in California the previous December. At the same time, the appellants here filed a motion to set aside the adjudication in bankruptcy of Highlander, Inc., and to dismiss the bankruptcy proceedings on the ground that the court lacked jurisdiction because the original petition had joined the corporation and George Highley in a single petition without the requisite allegation that they were partners. The Referee, on January 28, 1970, denied the motion to appoint Lipsig, Rosenfield, Temkin & Leff as attorneys for the corporation be-cause of a conflict of interest; the firm was representing creditors of the bankrupt in these same proceedings. No petition for review was taken from that order, and it became final on February 7, 1970. The motion to set aside the adjudication was denied on April 2, 1970, and appellants petitioned for review of the Referee's order. On September 22, 1970, the district court denied the petition for review and affirmed the order of the Referee. An appeal was taken to this court.

## STANDING

1. *Lipsig, Rosenfield, Temkin & Leff.*

 Highlander, Inc. purports to appeal "for itself and its attorneys, Lipsig, Rosenfield, Temkin & Leff" from the refusal to set aside the proceedings for lack of jurisdiction. Both the corporation and the attorneys attempt in this appeal to attack the order denying the application to appoint the attorneys as counsel for the corporation. Because no petition for review was filed within ten days after the January 28 order refusing to appoint the firm as counsel for Highlander, Inc., that order became final and cannot be challenged in this appeal. 11 U.S.C. § 67(c). This law firm therefore does not represent Highlander, Inc., nor has it any independent interest in the bankruptcy proceedings. It is not an "aggrieved person" within the meaning of 11 U.S.C. § 67(c) and has no standing to seek review of the Referee's order of April 2, 1970.

2. *Highlander, Inc.*

 A corporation can appear in a court proceeding only through an attorney at law. *See, e. g.,* United States v. 9.19 Acres of Land, 6 Cir., 1969, 416 F. 2d 1244, 1245; Shapiro Bernstein & Co. v. Continental Record Co., 2 Cir., 1967, 386 F.2d 426, 427; Simbraw, Inc. v. United States, 3 Cir., 1966, 367 F.2d 373; DeVilliers v. Atlas Corp., 10 Cir., 1966, 360 F.2d 292, 294. The attorneys purporting to act for Highlander, Inc. in

this appeal were specifically denied the privilege of representing that corporation by the Referee because of a conflict of interest, and that order is final. The corporation, not being represented by an attorney, is not properly before us.

3. *Cybertronica-Nevada, Inc.; Comart Corporation; and Cybertronica, Inc.*

 The remaining appellants are creditors of the bankrupt, and as such, they were denied standing to challenge the adjudication of bankruptcy by the Referee and the district court. We agree that creditors cannot oppose an involuntary adjudication of bankruptcy, either during the proceedings before the bankruptcy court or after completion of those proceedings through a motion to set aside the adjudication.

Section 18(b) of the Bankruptcy Act specifies those who may appear and plead to an involuntary bankruptcy petition. 11 U.S.C. § 41(b). Before 1938, that section permitted the bankrupt or any creditor to so appear and plead. In 1938 the Act was amended to eliminate the phrase "or any creditor" from Section 18(b). The House Report stated the reason for the deletion:

"The right of creditors to file an answer and oppose the petition has been eliminated in the amendment of section 18(b), and section 59(f) has been changed to correspond with this amendment. A creditor should not be permitted to oppose an adjudication; invariably, the motive of such a creditor is to protect a preference or to retain some other undue advantage at the expense of other creditors, contrary to the fundamental purpose of the Act—an equitable distribution among all creditors."

House Report No. 1409 on H.R. 8046, 75th Cong., 1st Sess. (1937), p. 17. See 2 Collier on Bankruptcy ¶ 18.33.

Because a creditor is not permitted to oppose an adjudication of bankruptcy in an involuntary proceeding, he may not later move the court to set aside the adjudication. "To allow such an attack would be to permit a creditor to do indirectly that which may not be done directly, thus defeating the intent of Congress in amending Section 18(b) of the Bankruptcy Act. See In re Carden, 118 F.2d 677 (2 Cir., 1941) cert. denied McClave & Co. v. Carden, 314 U.S. 647 [62 S.Ct. 91, 86 L.Ed. 519] . . ." In re Western Auto Assoc. Store, W.D.Va., 1968, 295 F.Supp. 566, 570. See also In re Tanner, M.D.Pa., 1965, 242 F.Supp. 172 (creditor denied standing to challenge jurisdiction of bankruptcy court).

The purported appeals of Highlander, Inc. and Lipsig, Rosenfield, Temkin & Leff are dismissed. The order appealed from is affirmed.