## In re VICTOR PUBLISHERS, INC.

### Appeal of Robert V. PACE.

### No. 76–1325.

United States Court of Appeals, First Circuit.

Nov. 29, 1976.

---

Samuel Newman, Boston, Mass., on brief for appellee.

Robert V. Pace on brief, pro se.

Before COFFIN, Chief Judge, ALDRICH and McENTEE, Circuit Judges.

PER CURIAM.

The only issue before us on this appeal is the correctness of the district court's dismissal for want of prosecution of Robert V. Pace's appeal from the bankruptcy judge's denial of his motion to appear on behalf of Victor Publishers, Inc., a debtor in Chapter XI proceedings. The bankruptcy judge denied the motion on the grounds that Mr. Pace is a non-lawyer and as such may not represent a corporation. The district court dismissed Mr. Pace's appeal, ruling that "he is not entitled to represent the appellant debtor, a corporation." We affirm.

Although an individual has a statutory right to represent himself in federal court even if he is not a lawyer, 28 U.S.C. § 1654, a corporation may be represented only by licensed counsel. *See, e. g., Commercial & Railroad Bank v. Slocomb,* 14 Pet. 60, 65, 39 U.S. 60, 65, 10 L.Ed. 354 (1840); *Osborn v. Bank of United States,* 9 Wheat. 738, 830, 22 U.S. 738, 830, 6 L.Ed. 204 (1824); *United States v. 9.19 Acres of Land,* 416 F.2d 1244 (6th Cir. 1969); *Shapiro, Bernstein & Co. v. Continental Record Co.,* 386 F.2d 426 (2d Cir. 1967); *Simbraw, Inc. v. United States,* 367 F.2d 373 (3d Cir. 1966); *Flora Construction Co. v. Fireman's Fund Insurance Co.,* 307 F.2d 413, 414 (10th Cir. 1962), *cert. denied,* 371 U.S. 950, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963); *James v. Daley & Lewis,* 406 F.Supp. 645, 648 (D.Del. 1976); *Turner v. American Bar Ass'n,* 407 F.Supp. 451, 476–77 (N.D.Tex.1975); *MacNeil v. Hearst Corp.,* 160 F.Supp. 157, 159 (D.Del.1958).* This rule that a corporation may be represented only by licensed counsel

is based not just on a tradition that goes back to the common law, *Brandstein v. White Lamps, Inc.,* 20 F.Supp. 369 (S.D.N.Y.1937), but also on the practical consideration that "[s]ince a corporation can appear only through its agents, they must be acceptable to the court; attorneys at law, who have been admitted to practice, are officers of the court and subject to its control." *Id.* Accordingly, the bankruptcy judge properly denied Mr. Pace's motion.

*Affirmed.*

---

* Mr. Pace cites the case of *In re Las Colinas, Inc.,* 453 F.2d 911 (1st Cir. 1971), *cert. denied,* 405 U.S. 1067, 92 S.Ct. 1502, 31 L.Ed.2d 797 (1972), as an instance where we permitted a non-lawyer to represent a corporation. Special considerations, including the extraordinary legal ability that had been demonstrated by the corporate officer in that case, caused us to make an exception from the traditional rule that "[a] corporation . . . can appear only by attorney." *Osborn v. Bank of United States,* 9 Wheat. 738, 830, 22 U.S. 738, 830, 6 L.Ed. 204 (1824) (Marshall, C. J.).