**In re CHILD LIFE, INC., Debtor.**

**Bankruptcy No. B91–10212.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

March 26, 1991.

**52**

---

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

### I.

The matter before the Court is the motion of the United States Trustee (UST) to dismiss the above-styled Chapter 11 proceeding or in the alternative to convert to a Chapter 7. Upon review of the pleadings, argument of counsel, and the record, generally, the motion is granted and the case dismissed.

### II.

On January 11, 1991, Child Life, Inc. (Debtor) caused to be filed its Chapter 11 petition. The petition was filed, *pro se,* and did not contain an application to employ an attorney nor an attorney's affidavit as required by 11 U.S.C. § 327 and Rule 2014, Bankr.R. The UST, on January 18, 1991, filed the present motion alleging that the Debtor is a corporate entity that has failed to retain counsel to represent it as required, and further that the Debtor is a child day-care center operating without the requisite license from the State of Ohio. Subsequent to said motion, the Debtor filed an application to employ an attorney which was denied for want of an attorney's affidavit pursuant to Rule 2014, Bankr.R.

### III.

The principal dispositive issue is whether or not the Court should dismiss or convert the Debtor's Chapter 11 proceeding.

### IV.

■ The employment of professionals is governed by section 327 of the Bankruptcy Code and Bankruptcy Rule 2014. Section 327 of the Bankruptcy Code provides that:

§ 327. Employment of professional persons.

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title. [11 U.S.C. § 327(a)].

Bankruptcy Rule 2014 provides that:

Rule 2014. Employment of Professional Persons.

(a) Application for and Order of Employment. An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327 or § 1103 of the Code shall be made only on application of the trustee or committee, stating the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to

the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants. [Rule 2014, Bankr.R.].

Further, a corporation, which is an artificial entity, may act only through an agent and cannot proceed, *pro se*, in federal court. *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir.1969).

### V.

■ The Debtor is a corporate entity that has failed to obtain counsel to represent it in this Chapter 11 proceeding. Further, the Debtor, a child day-care center, has not only failed to obtain the necessary license from the State of Ohio to operate but has now ceased all operations. A meeting of creditors was scheduled for February 26, 1991 at which the Debtor failed to appear without requesting a continuance or notifying the UST of its intention to be absent. Lastly, the Debtor has failed or neglected to respond to this present motion to dismiss or convert.

■ The Court upon request of a party in interest or the UST, may convert or dismiss a case filed under Chapter 11 for cause, including the absence of a reasonable likelihood of rehabilitation or an unreasonable delay by the Debtor that is prejudicial to creditors. *See*, 11 U.S.C. § 1112(b)(1) and (3). The aforementioned circumstances evidence cause which are grounds for conversion or dismissal pursuant to section 1112(b) of the Bankruptcy Code.

### VI.

Accordingly, the UST's motion is granted and the Debtor's Chapter 11 case is hereby dismissed. It is further ordered that the Debtor shall pay to the UST within ten (10) days of the entry of this order such fees as the UST may be entitled to pursuant to 28 U.S.C. § 1930.

IT IS SO ORDERED.