941 F.2d 1210
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,
v.
NOVAFERON LABS, INC., Defendant,
Stephen T. Haley, Defendant-Appellant,
Global Investment Trading Company, Inc., Intermark
International, Inc., Harrier Investments, Ltd., Defendants,
Karen Galvin, et al., Defendants.
 No. 91-3102.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1991.
 
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The Securities and Exchange Commission (SEC) filed a complaint on August 10, 1990, charging the defendants with the fraudulent sale to the public of unregistered limited partnership interests. Although Haley was served with the complaint on behalf of himself and the companies he seeks to represent, he failed to file a response. The district court by order filed October 12, 1990, granted the plaintiff until November 5, 1990, to file a motion for default. By letter filed November 2, 1990, Haley advised that he was incarcerated, that Mark Pierce was his counsel and he requested a continuance of the case. The plaintiffs filed motions for default. Default judgments were entered November 9, 1990, and a hearing was scheduled to determine damages. On December 4, 1990, Haley filed a motion to set aside the default judgments on behalf of himself and various companies. On December 14, 1990, the district court entered default judgments which contained permanent injunctions. The court also filed an order setting the amounts that Haley and various companies were to disgorge into the registry of the court. Additionally, the court entered an order denying Haley's motion to set aside the default judgments. Haley appealed on behalf of himself and various companies which he sought to represent.
 
 
 3
 Haley raises two issues in his appellate brief on behalf of himself and various companies. He argues: 1) the trial court abused its discretion in denying the motion to aside the default judgments; and 2) the trial court erred in not granting a stay of execution of proceedings or a continuance in this civil case until completion of the criminal case.
 
 
 4
 Although Haley is attempting to represent himself and various companies, he is not permitted to represent the companies. See 28 U.S.C. § 1654; Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385-86 (11th Cir.1985), cert. denied, 474 U.S. 1058 (1986); Doherty v. American Motors Corp., 728 F.2d 334, 340 (6th Cir.1984); United States v. 9.19 Acres of Land, 416 F.2d 1244, 1245 (6th Cir.1969) (per curiam). Accordingly, the only appellant before the court is Haley.
 
 
 5
 The notice of appeal filed by Haley states that he is appealing from the order for default entered on October 9, 1990. No order was filed by the court on that date. However, in appellant's appellate brief he addresses the merits of the district court's order denying his motion to set aside the orders of default judgment. The appellee has noted the confusion as to which order Haley has appealed but has treated the appeal as a challenge to the order denying the motion to set aside the default. Pro se documents are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam). Accordingly, we will treat the appeal has having been taken from the order denying the motion to set aside the default judgment. The default judgments entered December 14, 1990, contain permanent injunctions.
 
 
 6
 An abuse of discretion standard applies to a decision rendered under Fed.R.Civ.P. 60(b). Miller v. Owsianowski (In re Salem Mortg. Co.), 791 F.2d 456, 459 (6th Cir.1986). In determining whether to grant a motion to set aside a default judgment, three factors are considered: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be prejudiced; and 3) whether culpable conduct of the defendant led to the default. Amernational Indus., Inc. v. Action-Tungsram, Inc., 925 F.2d 970, 976 (6th Cir.1991), cert. denied, 1991 WL 87710 (June 24, 1991); Berthelsen v. Kane, 907 F.2d 617, 620 (6th Cir.1990) (per curiam); INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 398 (6th Cir.), cert. denied, 484 U.S. 927 (1987).
 
 
 7
 Appellant argues in his motion to set aside that he was incapable of filing a response to the complaint within the period prescribed because he was incarcerated and it was difficult to consult with legal advisors. He further argued that it was improper to proceed with the civil action while a criminal action was pending and that in a letter to the court he had requested a continuance pending completion of the criminal case. However, in that same letter he notified the court that he was represented by attorney Mark Pierce. Mr. Pierce was listed on the court's docket sheet but never filed any documents in the court.
 
 
 8
 Haley has failed to raise a meritorious defense. It can also be argued that setting aside the judgment will prejudice the SEC by allowing additional time in which to dissipate the assets under Haley's control. In addition, Haley has failed to show that his default was not the result of culpable conduct. Therefore, it does not appear that the district court abused its discretion in denying the Fed.R.Civ.P. 60(b) motion.
 
 
 9
 Appellant's second argument that the court erred in not granting a continuance of the civil action until the completion of the criminal action must also fail. Civil and criminal actions may be brought either simultaneously or successively and there is no requirement that a civil proceeding be stayed pending the outcome of criminal proceedings. SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1375 (D.C.Cir.), cert. denied, 449 U.S. 993 (1980). At the time Haley requested the stay in a letter, he had already been convicted and was awaiting the decision of the appellate court. Subsequently, the conviction has been affirmed.
 
 
 10
 It is ORDERED that the order denying the motion to set aside the default judgment be, and it hereby is, affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.