**Juana VIADA, et al., Plaintiff,**

v.

**OSAKA HEALTH SPA, INC.,
et al., Defendants.**

**No. 04 CIV. 02744(VM).**

United States District Court,
S.D. New York.

March 3, 2006.

Haeyoung Yoon, Tony Y. Lu, The Urban Justice Center, New York, NY, Theodore Kevin Cheng, Loeb & Loeb LLP, New York, NY, for Plaintiff.

Daniel P. Smulewicz, Law Office of Daniel P. Smulewicz, New York, NY, Andrew A. Kimler, Capell & Vishnick, LLP, Lake Success, NY, James P. Philbin, III, Morgan, Lewis and Bockius LLP, New York, NY, Jonathan Yoon Sue, Jonathan Y. Sue, New York, NY, for Defendants.

## DECISION AND ORDER

MARRERO, District Judge.

### I. BACKGROUND

By Orders dated December 8 and December 9, 2005, Magistrate Judge Kevin N. Fox, to whom the Court referred this matter for pretrial supervision, issued a Report and Recommendation (the "Lee Reports") recommending that the Court deny each of two motions filed by defendant Nam–Hi Lee ("Lee") herein: (1) to dismiss the action pursuant to Fed.R.Civ.P. 60(b) and (2) to sever Lee from the case. In addition, by Order

dated December 12, 2005, Magistrate Judge Fox submitted another Report and Recommendation (the "Osaka Report") recommending that the motion of plaintiffs for entry of default judgment against the corporate defendants Osaka Health Spa, Inc. and Osaka Spa Construction, Inc. (collectively, the "Osaka Defendants"), for failure to comply with a previous Court Order directing the Osaka Defendants, upon the withdrawal of their previous attorney, to obtain new counsel. None of the parties submitted opposition or any other comment to any of Magistrate Judge Fox's three reports described herein.

## II. STANDARD OF REVIEW

■ A district court evaluating a Magistrate Judge's report may adopt those portions of the report to which no "specific, written objection" is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous. *See* Fed. R.Civ.P. 72(b); *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Greene v. WCI Holdings Corp.,* 956 F.Supp. 509, 513 (S.D.N.Y.1997). "Where a party makes a 'specific written objection' within '[ten] days after being served with a copy of the [magistrate judge's] recommended disposition,' however, the district court is required to make a de novo determination regarding those parts of the report." *Cespedes v. Coughlin,* 956 F.Supp. 454, 463 (S.D.N.Y. 1997) (quoting *United States v. Raddatz,* 447 U.S. 667, 676, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord,* 858 F.Supp. 1330, 1345 (S.D.N.Y.1994); *Walker v. Hood,* 679 F.Supp. 372, 374 (S.D.N.Y.1988).

## III. DISCUSSION

The Court finds that the facts set forth in the Lee Reports and the Osaka Report are supported by the record and are thus incorporated herein by reference. Having conducted a review of the full record, including, among other things, each of the Reports and applicable legal authorities, the Court concludes that the factual findings, reasoning and legal support for the recommendations made by Magistrate Judge Fox in each of the three Reports are not clearly erroneous.

With regard to Lee's motion to dismiss, Magistrate Judge Fox correctly noted that the Rule 60 provision Lee invoked applies only to obtain relief from a prior judgment issued by the Court, and therefore did not serve as a proper means to seek dismissal of an action. As an alternative approach, the report suggested that Lee's request be deemed a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6), as plaintiffs proposed, and then be converted into a motion for summary judgment under Rule 56. The Court considers that recommendation more appropriate and notes that the parties are already undertaking to file motions for summary judgment. Lee may elect to follow this course, upon preparation of the necessary evidentiary support for such motion. As regards Lee's request to sever, Magistrate Judge Fox proposed that the motion be read as one filed under Rule 21 for misjoinder of parties. On that basis, the report found that, given plaintiffs' factual allegations as set forth in the complaint, the prerequisites of Rule 20 for permissive joinder of Lee had been met, and therefore that no relief for misjoinder under Rule 21 was warranted. The Court agrees, substantially for the reasons articulated by Magistrate Judge Fox.

Finally, the Court adopts Magistrate Judge Fox's recommendation in the Osaka Report to deny the default judgment plaintiffs sought. There is no basis for such drastic relief under the circumstances of this case, especially after the Osaka Defendants proceeded to retain new counsel.

## IV. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the Report and Recommendation of Magistrate Judge Kevin Fox dated, respectively, December 8, 2005 (Docket No. 136); December 9, 2005 (Docket No. 135); and December 12, 2005 (Docket No. 138), each is adopted in its entirety, and that the motions of defendant Nam–Hi Lee (Docket Nos. 43 and 58) to dismiss and/or to

sever this case, and of plaintiffs (Docket No. 118) for entry of default judgment against defendants Osaka Health Spa, Inc. and Osaka Spa Construction, Inc., are DENIED.

**SO ORDERED.**

**REPORT and RECOMMENDATION**

FOX, United States Magistrate Judge.

TO THE HONORABLE VICTOR MARRERO, UNITED STATES DISTRICT JUDGE

In the case at bar, brought under, *inter alia,* the Fair Labor Standards Act, defendant Nam–Hi Lee ("Lee") has made a motion to dismiss, pursuant to Fed.R.Civ.P. 60(b). Lee contends that the relief she seeks is warranted because the plaintiffs have stolen medical records and documents pertinent to their work and salary history from premises controlled by the defendants and, thereby, have hampered the defendants' ability to contest the allegations made against them in this action. According to Lee, as a consequence of the plaintiffs' misconduct, criminal charges have been preferred against two of them by a local prosecutor.

The plaintiffs oppose Lee's motion. They contend that the motion should be construed liberally as a request to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), and, furthermore, that inasmuch as Lee has relied upon matters outside the pleadings to support her motion, the motion should be converted to a motion for summary judgment, made pursuant to Fed.R.Civ.P. 56.

Other defendants in the action have submitted a writing to the Court in support of Lee's motion. They maintain that the motion should be construed liberally as a request that the court exercise its inherent equitable powers to sanction the plaintiffs for seeking to use, in this action, evidence that was wrongfully obtained.

Fed.R.Civ.P. 60, which is a vehicle through which a litigant may obtain relief from a judgment entered by a court, in its most pertinent part, provides the following:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party ....

Fed.R.Civ.P. 60(b).

■ Based on the express language of Fed.R.Civ.P. 60(b)(3), it is clear that a district court may relieve a party from a final judgment for fraud or other misconduct. However, "[t]o prevail on a Rule 60(b)(3) motion, a movant 'must show that the conduct complained of prevented the moving party from fully and fairly presenting his case.'" *State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 176 (2d Cir.2004)(quoting *Taylor v. Texgas Corp.,* 831 F.2d 255, 259 [(11th Cir. 1987])).

■ In the instant case, no judgment has been entered. Since Fed.R.Civ.P. 60 is a vehicle through which a litigant may obtain relief from a judgment and no judgment has been entered in the instant case, Lee's reliance on Rule 60 to obtain relief for what she believes is misconduct on the part of the plaintiffs is misplaced. However, because Lee is proceeding *pro se* in this action, the Court is required to construe her motion papers liberally, *see Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *LaBounty v. Adler,* 933 F.2d 121, 122 (2d Cir.1991), and to interpret Lee's submission to the Court in a way that will "raise the strongest arguments they suggest." *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994).

The plaintiffs suggest that when viewed liberally, Lee's motion should be construed as one made, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the plaintiffs' complaint for failure to state a claim upon which relief can be granted. The plaintiffs contend that, if the court were to adopt their suggestion and construe Lee's motion as one made pursuant to Fed.R.Civ.P. 12(b)(6), the court would be duty-bound to convert the motion from a motion to dismiss to a motion for summary judgment, made pursuant to Fed. R.Civ.P. 56, and disposed of it accordingly. According to the plaintiffs, this would be warranted because Lee has relied upon matters outside the pleadings to support the motion now before the Court. Moreover, the

plaintiffs maintain that once Lee's motion to dismiss is converted to a motion for summary judgment, the motion should be denied.

In support of their position that Lee's "Fed.R.Civ.P. 56 motion" should be denied, the plaintiffs note that Lee failed to comply with Local Civil Rule 56.1 of this court. The relevant provision of that Local Rule requires a party moving for summary judgment to "annex to the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Civil Rule 56.1(a). The Local Rule also cautions that the "failure to submit such a statement may constitute grounds for denial of the motion." *Id.* Lee did not submit to the Court a statement of the material facts about which she contends there is no issue to be tried.

The plaintiffs also note that Lee's motion failed to address the material facts of this case, that is, those facts that might affect the outcome of the instant action. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In particular, the plaintiffs allege that Lee's motion does not address facts that are germane to the plaintiffs' claims for, among other things, alleged violations of the federal and state minimum wage and overtime laws. In addition, the plaintiffs contend that Lee has failed to present the Court with facts, via affidavit or otherwise, that would be admissible in evidence to support her motion, as she is required to do by Fed.R.Civ.P. 56(e). The plaintiffs maintain that all these deficiencies militate in favor of denying Lee's "Fed. R.Civ.P. 56 motion."

■ At this juncture in the litigation, it would not be reasonable and appropriate to adopt the plaintiffs' suggestion, that Lee's motion be construed liberally as a motion to dismiss, made pursuant to Fed.R.Civ.P. 12(b)(6), and then converted to a motion for summary judgment. This is so because, as Fed.R.Civ.P. 12(b)(6) makes clear, before a court may convert a motion to dismiss to one for summary judgment and dispose of it as provided in Fed.R.Civ.P. 56, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Lee has not been made aware that her motion to dismiss might be adjudicated by the court as a motion for summary judgment, made pursuant to Fed.R.Civ.P. 56, and she has not been given a reasonable opportunity to present to the court such material as she might deem pertinent to the court's adjudication of her motion pursuant to Fed.R.Civ.P. 56. Therefore, before such action on Lee's motion could properly be taken, Lee would need to be put on notice that the court intends to convert her motion to dismiss to a motion for summary judgment. Thereafter, Lee would have to be permitted an opportunity to present all material pertinent to such a motion that she believes the court needs to know in order to determine whether she is entitled to summary judgment.

■ As noted above, other defendants in the action support Lee's motion. However, they believe that it should be construed liberally by the court as a motion for the court to exercise its inherent equitable powers to sanction the plaintiffs for seeking to use, in this action, evidence that has been obtained wrongfully. In support of their position, Lee's co-defendants have directed the Court's attention to *Fayemi v. Hambrecht and Quist, Inc.,* 174 F.R.D. 319, 325 (S.D.N.Y.1997). In *Fayemi,* the plaintiff acknowledged that he removed, furtively, confidential information from a computer at his employer's offices so that he might use the information in the litigation. However, unlike the situation in *Fayemi,* it has not been determined that the plaintiffs removed improperly from their former work sites documents belonging to the defendants that the defendants contend are needed to defend against the allegations made in this action. Therefore, at this point in the litigation, there is no basis for the court to impose any sanctions upon the plaintiffs for alleged misconduct.

Based on the above, the Court recommends that Lee's motion to dismiss, made pursuant to Fed.R.Civ.P. 60, be denied. The Court also recommends that, if your Honor determines to adopt the suggestions made by the plaintiffs, that Lee's motion be construed liberally as one made pursuant to Fed.

R.Civ.P. 12(b)(6) and, further, that it be converted to a motion for summary judgment, Lee be given notice of this conversion and an opportunity to comply with Local Rule 56.1 and to present such pertinent material to the court as she deems appropriate to have the motion for summary judgment adjudicated fully.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of the Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Victor Marrero, United States District Judge, 40 Centre Street, Room 414, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Marrero. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983).

December 8, 2005.

## REPORT and RECOMMENDATION

FOX, United States Magistrate Judge.

TO THE HONORABLE VICTOR MARRERO, UNITED STATES DISTRICT JUDGE

■ Defendant Nam–Hi Lee ("Lee") has made an application that the court "grant an order severing [Lee] from this case." She contends that the order should issue because she is a physician and not a principal in any of the business entities that are named as defendants in this action. Moreover, she maintains that she has been made a defendant in the action "as a ploy to intimidate [her] elderly and sick mother." In addition, Lee alleges that her reputation as a physician has been damaged as a result of her being named a defendant in the action and through contact she alleges the plaintiffs have made with a local newspaper.

The plaintiffs oppose Lee's motion. They urge that the court construe the motion liberally, since Lee is proceeding *pro se,* as one made pursuant to Fed.R.Civ.P. 21 which, among other things, governs the misjoinder of parties to an action. According to the plaintiffs, if Lee's motion is construed as one made pursuant to Fed.R.Civ.P. 21, it must be denied because none of the factors that must be considered when a motion is made pursuant to that Rule militate in favor of granting Lee the relief she seeks. The plaintiffs note, however, that to the extent that Lee's motion might be construed liberally by the court as a request that the case be dismissed, pursuant to Fed.R.Civ.P. 12(b)(6), then the motion should be converted to a motion for summary judgment, made pursuant to Fed.R.Civ.P. 56, and disposed of accordingly. The plaintiffs maintain that such a conversion is necessary because Lee has relied upon matters outside the pleadings in support of the motion that is before the Court. The plaintiffs contend that, if the motion is viewed as one for summary judgment, it must be dismissed because Lee has not provided the Court with facts, via affidavit or otherwise, that would be admissible in evidence to support her motion, as she is required to do by Fed.R.Civ.P. 56(e).

Furthermore, the plaintiffs also contend that Lee failed to comply with Local Civil Rule 56.1 of this court, and that this failure warrants the dismissal of the motion. The relevant provision of that Local Rule requires a party moving for summary judgment to "annex to the notice of motion a separate, short and concise statement of the material fact as to which the moving party contends there is no genuine issue to be tried." Local Civil Rule 56.1(a). The Local Rule also cautions litigants that the "failure to submit such a statement may constitute grounds for denial of the motion." *Id.* In addition, the plaintiffs note that Lee failed to submit a memorandum of law in support of

her motion to sever. The plaintiffs point out that this, too, is a violation of the court's Local Civil Rules, specifically, Local Civil Rule 7.1, and that a willful violation of that Rule is a ground for the dismissal of a motion. For all of the above-noted reasons, the plaintiffs contend the court should deny Lee the relief she seeks through the instant motion.

Fed.R.Civ.P. 20, in its most pertinent part, informs that "[a]ll persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a). Fed.R.Civ.P. 21 advises that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." However, the Rule also makes clear that "[m]isjoinder of parties is not ground for dismissal of an action." Fed.R.Civ.P. 21.

■■■■ "Rule 20(a) provides a two prong test for determining whether the joinder of parties is proper. For joinder to be proper the parties joined must assert, or have asserted against them, a right of relief arising out of the same transaction or occurrence, or the same series of transactions or occurrences. In addition, there must be some question of law or fact common to all the parties." *Kovian v. Fulton County Nat'l Bank and Trust Co.,* No. 86–CV–154, 1990 WL 36809, at *9 (N.D.N.Y. March 28, 1990). The requirements of Fed.R.Civ.P. 20(a) are to be interpreted liberally "to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *A.I.A. Holdings, S.A. v. Lehman Bros. Inc.,* No. 97 Civ. 4978, 1998 WL 159059, at *5 (S.D.N.Y. April 1, 1998)(internal quotation marks and citation omitted).

In determining whether claims made by plaintiffs to an action constitute a "single transaction or occurrence" for purposes of Fed.R.Civ.P. 20, "a case by case approach is generally pursued." *Mosley v. General Mo-*

*tors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974). "In attempting to affix a definition to 'transaction or occurrence,' courts have found Fed.R.Civ.P. 13(a) to be particularly instructive, and have concluded with reference to that Rule that the phrase encompasses 'all logically related claims.' " *Puricelli v. CNA Ins. Co.,* 185 F.R.D. 139, 142 (N.D.N.Y.1999) (citation omitted).

At this juncture in the litigation, where there has not been a trial and no facts developed during the pretrial discovery phase of the litigation have been presented to the Court for analysis while considering Lee's motion to sever, the Court is required to accept the allegations made by the plaintiffs in their complaint and assume that all the matters alleged by them in the complaint are true and provable. *See United States v. Yonkers Bd. of Educ.,* 518 F.Supp. 191, 193 (S.D.N.Y.1981). Here, all the plaintiffs allege, *inter alia,* that they have been injured throughout their respective tenures in the defendants' employ, through a course of conduct by which their employer, the defendants, including Lee, failed repeatedly to compensate them for the hours they worked, in accordance with applicable state and federal laws. As a consequence, the plaintiffs seek damages from the defendants, including Lee, arising out of this course of alleged misconduct.

Based on the allegations in the complaint, the Court finds that the plaintiffs' claims are logically related. Furthermore, the Court also finds that the plaintiffs are seeking relief arising out of the same transaction, occurrence or series of transactions or occurrences, *to wit,* the alleged repeated failure by their employer, the defendants, including Lee, to compensate them for the hours they worked in accordance with applicable laws. As a result, the Court concludes that the first requirement of the Fed.R.Civ.P. 20(a) test has been met.

In order to satisfy the second requirement of the Fed.R.Civ.P. 20(a) test, some question of law or fact common to all the defendants must be shown to exist. In the instant case, the complaint alleges, among other things, that Lee was, along with the other defendants, the plaintiffs' employer, within the

meaning of the Fair Labor Standards Act and New York Labor Law. The complaint also alleges that Lee shared operational control over at least two of the corporate entities that employed the plaintiffs. Moreover, it is alleged in the complaint that Lee, along with the other defendants in the action, had the power to: hire and fire the plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation the plaintiffs received in exchange for their employment. These allegations, as noted above, must be accepted as true by the Court as it analyzes Lee's motion to be severed from the action.

Accepting the above-noted allegations as true, the Court finds that questions of fact common to all the defendants exist in the action. They include, for example, whether the defendants, including Lee, were the plaintiffs' employer and, as alleged by the plaintiffs, determined the rate and method of any compensation the plaintiffs received for the work they performed for the defendants. Similarly, a question of law common to all the defendants also appears to be present in this action: whether the defendants, including Lee, were the plaintiffs' employer within the meaning of the Fair Labor Standards Act and pertinent New York law, such that any or all of the defendants may be held liable for the damages the plaintiffs seek to recover through this action. Since the Court finds that questions of fact and law common to all the defendants exist in this case, the second requirement of the Fed.R.Civ.P. 20(a) test has also been met.

Lee has not offered any evidence to the Court that demonstrates either that the plaintiffs have failed to assert a right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences, or that a question of fact or law common to all the defendants is absent from this case. All that Lee has done is assert, through her motion, that: (i) she is not a principal of any of the corporate entities that are named as defendants in the action; and (ii) the plaintiffs have made her a party to

the action as a "ploy." However, without more, based on the record evidence, the Court cannot conclude that Lee should be severed from this action.

As discussed above, Fed.R.Civ.P. 21 permits a party who has been misjoined in an action to be dropped from that action. Fed.R.Civ.P. 21 "is silent about the grounds for misjoinder [; however,] courts have held that parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a)." *Fong v. Rego Park Nursing Home*, 95 Civ. 4445, 1996 WL 468660, at *2 (E.D.N.Y. Aug.7, 1996).

Based on the analysis set forth above, the plaintiffs have met the preconditions outlined in Fed.R.Civ.P. 20(a) for joining Lee and her co-defendants together in this action. Therefore, Lee is properly joined as a defendant in this action, and she is not entitled to be severed from the action pursuant to Fed.R.Civ.P. 21. *See Fong, supra.* Consequently, the Court recommends that Lee's motion for an order severing her from this action be denied.[1]

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of the Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Victor Marrero, United States District Judge, 40 Centre Street, Room 414, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Marrero. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn,*

---

1. Lee included in her motion papers a reference to objections raised to subpoenas served on counsel to the plaintiffs. The Court disposed of

that matter previously during a pretrial conference. Therefore, the matter is not addressed in the instant writing.

474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983).

December 9, 2005.

## REPORT and RECOMMENDATION

FOX, United States Magistrate Judge.

TO THE HONORABLE VICTOR MARRERO, UNITED STATES DISTRICT JUDGE

 In this action, brought pursuant to the Fair Labor Standards Act and analogous provisions of state law, the plaintiffs have requested that a default judgment be entered against the corporate defendants: Osaka Health Spa, Inc. d/b/a Osaka 56; Osaka Health Spa Center Corp. d/b/a/ Osaka 56; Osaka 46 Traditional Health Spa, Inc. d/b/a Osaka 46; and Osaka Spa Construction, Inc. ("Osaka"), because they failed to comply with two Orders of the Court dated April 11, 2005 and May 13, 2005. Each of the orders directed the Osaka corporate defendants to obtain new counsel, since their prior counsel had been relieved by the Court of the obligation of continuing to represent them in this action. Each of the orders also directed the Osaka corporate defendants to have their new counsel provide a copy of any Notice of Appearance counsel might file with the Clerk of the Court to all other parties to the action and to the undersigned magistrate judge.

The plaintiffs maintain that the Osaka corporate defendants' failure, repeatedly, to comply with the orders of the Court, that they obtain new counsel to represent them in this action, warrants the entry of a default judgment against them. Moreover, the plaintiffs note that a corporate entity cannot appear in an action *pro se;* it can conduct litigation only through counsel. *See Shapiro, Bernstein & Co., Inc. v. Continental Record Co., Inc.,* 386 F.2d 426, 427 (2d Cir.1967). In addition, the plaintiffs contend that the entry of a default judgment against the Osaka corporate defendants is also warranted because they did not seek additional time from the Court to comply with the above-noted orders and failed to apprise the Court of attempts, if any, they made to comply with the Court's orders.

After the plaintiffs filed the instant motion, a Notice of Appearance was filed with the Clerk of Court, by an attorney, on behalf of the Osaka corporate defendants. That attorney prepared a written submission in opposition to the instant motion. The submission made on behalf of the Osaka corporate defendants was untimely. Moreover, it is devoid of citation to any legal authority.

 When a corporate defendant fails, repeatedly, to appear by counsel in an action, a default judgment may be entered against it. *See Shapiro, Bernstein & Co., Inc.,* 386 F.2d at 427. However, the Court is mindful that a default judgment is the most severe sanction that a court, in the exercise of its discretion, may apply. *See Cody v. Mello,* 59 F.3d 13, 15 (2d Cir.1995). The Court is also mindful that the Second Circuit Court of Appeals has expressed a strong preference for having litigation resolved on the merits, and not through the entry of a default judgment. *See Powerserve Int'l, Inc. v. Lavi,* 239 F.3d 508, 514 (2d Cir.2001). Thus, while it is reprehensible that the Osaka corporate defendants failed to abide by the orders of the Court directing them to obtain new counsel by dates certain, now that the Osaka corporate defendants have retained counsel who is assisting them in defending against this action, the Court finds that it is reasonable and appropriate to allow the action to be resolved against the Osaka corporate defendants on the merits, as is the preference in this circuit. Therefore, the Court recommends that the plaintiffs' motion for the entry of a default judgment against the Osaka corporate defendants be denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of the Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Victor Marrero, United States

District Judge, 40 Centre Street, Room 414, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Marrero. FAILURE TO FILE OB-JECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OB-JECTIONS AND WILL PRECLUDE AP-PELLATE REVIEW. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983).

December 12, 2005.