UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**I-D Foods Corporation et al.**

   **v.**

**David Deaver Brown, et al.**

Case No. 14-cv-269-PB
Opinion No. 2014 DNH 219

**O R D E R**

I-D Foods Corporation and Fools Gold Investments Corporation have sued David Deaver Brown, Simply Magazine, Inc., and ID Foods USA Corporation.  Brown, acting pro se, filed a motion to dismiss on behalf of all of the defendants contending that the court lacks personal jurisdiction.

As a preliminary matter, I note that Brown may not represent the corporate defendants in this action.  See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1991); In re Victor Publishers, Inc., 545 F.2d 285, 286 (1st Cir. 1976); LR 83.6(c).  Accordingly, Brown's motion to dismiss plaintiffs' claims against the corporate defendants is denied without prejudice.

Brown's arguments for dismissal of the claims against him are also unpersuasive.  I review his personal jurisdiction arguments under the prima facie standard.  See Phillips v.

Prairie Eye Ctr., 530 F.3d 22, 26 (1st Cir. 2008)("the inquiry is whether the plaintiff has proffered evidence which, if credited, is sufficient to support findings of all facts essential to personal jurisdiction").  If the allegations in plaintiffs' complaint are true, Brown intentionally undertook action in New Hampshire to violate plaintiffs' trademark rights. All of plaintiffs' claims against Brown stem at least in part from these allegedly improper actions, and Brown cannot avoid personal jurisdiction here merely by later engaging in additional misconduct in a different state.  These allegations, if true, are more than sufficient to establish both that the claims relate to Brown's actions in New Hampshire and that he personally availed himself of the privilege of conducting business in this state.  Brown has also failed to present an argument to rebut the plaintiffs' contention that the exercise of jurisdiction here is reasonable.  The court thus has specific personal jurisdiction to consider plaintiffs' claims against Brown. See, e.g., Astro-Med, Inc. v. Nihon Kohden Am. Inc., 591 F.3d 1, 10 (1st Cir. 2009) (describing elements of specific personal jurisdiction test).

Brown is also not entitled to dismissal on forum non conveniens grounds because he has not met his burden to show that "the compendium of factors relevant to the private and public interests implicated by the case strongly favors

dismissal." Interface Partners Int'l. Ltd. V. Hananel, 575 F.3d 97, 101 (1st Cir. 2009) (quoting Iragorri v. Int'l Elevator, Inc., 203 F.3d 8, 12 (1st Cir. 2000)). A conclusory statement that Brown would be inconvenienced by having to litigate a claim here, which is all that Brown supplies, is not sufficient to warrant the relief he seeks.

The motion to dismiss (Doc. No. 15) is denied.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

October 10, 2014

cc:   Nicholas Casolaro, Esq.
      Michael Delaney, Esq.
      David Deaver Brown, pro se